IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREGORY K. LEE, AIS # 184070,** | : | |
| Plaintiff, | : | |
| vs. | : | **CIVIL ACTION 10-0368-CB-N** |
| **CAPT. HENDRICK, et al.,** | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, plaintiff has six actions that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See Lee v. Aycock, CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); Lee v. Haley, et al., CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); Lee v. Haley, et al., CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); Lee v. Holt, et al., CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); Lee v. Smith, et al., CA 03-1237-SLB-TMP (N.D. Ala. Apr. 20, 2006); and Lee v. Campbell, et al., CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006).  In addition to these dismissals, Public Access to the Courts Electronic Records ("PACER") reflects that twenty-six complaints filed by plaintiff were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated these actions.  PACER's records also show that plaintiff has filed a total of sixty-one actions under his name or under the name of Gregory Keith Lee.  Presently, plaintiff has seven § 1983 actions pending in the three federal district courts of Alabama, which includes the instant action.

Therefore, in order for plaintiff to avoid §1915(g)'s application, it is incumbent on him to satisfy the exception to § 1915(g) - at the time of filing his action was "under imminent danger of serious physical injury."  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical

injury at the time the complaint is filed, not at a prior time).  In the complaint plaintiff alleges that on July 4, 2010, when the lights in the dorm were off and the C.O. was asleep, he was "sexually assaulted" by defendants Captain Smith and Carter Davenport after they handcuffed him and took off his clothes.  (Doc. 1 at 4).  Afterwards, plaintiff wanted a transfer to Bibb County Correctional Facility because he believes his life is in danger, but defendant Warden Miles told plaintiff that he was not going anywhere and to file charges against defendant Smith.  For relief, plaintiff wants to be transferred, to be compensated with $20 million, and to have charges pressed.  No further information about the belief that his life is in danger was provided.

    The specific date of the complaint's filing cannot be determined from information in the Court's file for several reasons.  The complaint's envelope bears a postmark from Mobile, Alabama, with a date of July 14, 2010, the same date that the Court received the complaint.  Plaintiff alleges that the assault occurred on July 4, 2010, but he dates the complaint June 22, 2010.  And the information contained in his motion to proceed without prepayment of fees is not of assistance because its date predates the assault (Doc. 2 at 3).

    In analyzing the complaint's allegations, the Court finds that the "sexual assault" is not an event that will qualify plaintiff for § 1915(g)'s exception because the event occurred at a time prior to the complaint's filing.  <u>Medberry</u>, <u>supra</u>.  So for the period of time from the assault on July 4, 2010 to July 14, 2010, plaintiff must show that he was "under imminent danger of serious physical injury." The only allegation in the complaint

concerning this period of time that could be related to an injury is the allegation that he feared for his life. The fact that a "sexual assault" by officers occurred provides a limited, partial basis for this fear. But plaintiff offers no other acts that were taken against him during that time period that would support a conclusion that he was justified in fearing for his life. He mentions that the warden told him he was going nowhere and that he should file charges. No information is provided showing that he filed charges with a law enforcement agency or investigators with the Department of Corrections, that he pursued medical treatment, or that subsequent recent incidents occurred.[1]

In order to satisfy the exception to § 1915(g), "[t]he plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Ball v. Allen,

---

[1] Plaintiff has made a serious allegation of "sexual assault." However, plaintiff has complained of assaults and sexual assaults before in his many actions. Lee v. Boyeet, et al., CA 04-02256-TMP (N.D. Ala. 2004) (assault); Lee v. Hetrick, et al., CA 08-0379-KD-N (S.D. Ala. 2009) (at Fountain sexual assault with billy club); Lee v. Hill, et al., 05-1042-ID-DRB (M.D. Ala. 2005) (assault); Lee v. Thomas, CA 06-0451-WKW-VPM (M.D. Ala. 2006) (assault); Lee v. Hope, et al., CA 07-0795-WKW-WC (M.D. Ala. 2007) (at Bullock assault and sexual assault with billy club); Lee v. Hope, et al., CA 07-0996-WHA-WC (M.D. Ala. 2007) (at Bullock sexual assault); Lee v. Marcus, et al., CA 08-0568-WHA-WC (M.D. Ala. 2008) (at Bullock sexual assault with objects); Lee v. Capt. Nettles, et al., CA 10-0585-ID-WC (M.D. Ala. 2010) (at Bullock assault and sexual assault with object); Lee v. Boyd, et al., CA 10-0634-WHA-WC (M.D. Ala. 2010) (at Bullock assault and possible sexual assault); Lee v. Boyd, CA 10-0716-TMH-WC (M.D. Ala. pending) (at Bullock assault and sexual assault).

Another action shows that plaintiff suffers from a mental illness which affects his placement in ADOC's system, namely, Lee v. Mitchem, et al., CA 05-0233-CLS-TMP (N.D. Ala. 2007) (Doc. 14). The action of Lee v. Strickland, et al., CA 02-01344-VPM (M.D. Ala. 2004), discusses plaintiff's mental illness.

4

CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, J.) (internal quotations omitted). The Court looks to the whole of the complaint to determine if he alleged an imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). In the present action, plaintiff's allegation that he fears for his life is brief, vague and conclusory, and his other few allegations do not support a finding that he faced imminent danger of serious physical injury at the time of filing. The fact that plaintiff "faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to the statute." Ball, 2007 WL 484547, at *2 (internal quotation omitted). Accordingly, plaintiff's allegations do not satisfy § 1915(g)'s exception.

Because plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed this action, plaintiff's action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing fee at the time he initiates the action); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 9th_day of September, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).